[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12007
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:10-cr-00321-ACC-GJK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDUARDO JOSE TORRES-SERRANO,
a.k.a. Victor Rafael Garcia Melendez,
a.k.a. Victor Rafael Garcia,
a.k.a. Fernando Velasquez,
a.k.a. Jose Garcia,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 2, 2012)

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Eduardo Jose Torres-Serrano appeals his 39-month sentence,[1] contending it is procedurally and substantively unreasonable. After review,[2] we affirm his sentence.

Torres-Serrano's sentence is procedurally reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining a sentence is procedurally reasonable if the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence). First, there is no dispute that the district court properly calculated the Guidelines range. Further, the district court stated that it considered all of the § 3553(a) factors. This statement provides sufficient explanation as to why it chose the sentence that it imposed. The court need not address each § 3553(a) factor. *See Rita v. United*

---

[1] Torres-Serrano was given 15-month concurrent sentences for making a false statement in an application for a United States Passport, in violation of 18 U.S.C. § 1542 (Count 1); impersonating a citizen of the United States, in violation of 18 U.S.C. § 911 (Count 2); and misusing a social security number, in violation of 42 U.S.C. § 408 (Count 3). He was also given a statutory mandatory 24-month sentence for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count 4). The district court made the 15-month sentences concurrent to the 24-month sentence.

[2] We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007).

*States*, 551 U.S. 338, 356 (2007). "Rather, an acknowledgment by the district judge that he or she has considered the § 3553(a) factors will suffice." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (quotations omitted). Although the court placed specific emphasis on Torres-Serrano's previous illegal entries in to the United States, the record indicates it did not do so to the detriment of all other § 3553(a) factors. *See United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (holding a sentence was unreasonable when the district court focused "single-mindedly" on the goal of restitution to the detriment of all other sentencing factors).

Torres-Serrano's sentence is also substantively reasonable. The court's sentence of 15 months for Counts 1-3 represented the lowest end of the applicable Guidelines range of 15-21 months, and this Court would ordinarily expect such a sentence to be reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (stating although we do not automatically presume a sentence falling within the Guidelines range is reasonable, we ordinarily expect such a sentence to be reasonable). The district court had discretion under 18 U.S.C. § 1028A to either issue a consecutive or concurrent sentence for Counts 1-3, and chose to impose a consecutive sentence. The court expressed concern regarding Torres-Serrano's past contacts with law enforcement at the border and his past false claims of

3

various nationalities. Considering Torres-Serrano's history, a custodial sentence within the Guidelines range was appropriate to promote respect for the law, provide just punishment, and deter him from further criminal activity. See 18 U.S.C. § 3553(a). The sentence was supported by the § 3553(a) factors, and the court did not commit a clear error of judgment in weighing those factors. *See Unites States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (stating this Court reverses only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case"). Thus, we conclude Torres-Serrano's sentence was procedurally and substantively reasonable.

**AFFIRMED.**